# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:20-CV-00188-DSC

| | |
|---|---|
| **MISTY MARIE BRYANT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **KILOLO KIJAKAZI, ACTING** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,**[1] ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #16) and Defendant's "Motion for Summary Judgment" (document #18), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security disability benefits is supported by substantial evidence. Accordingly, the Court will <u>deny</u> Plaintiff's Motion for Summary Judgment; <u>grant</u> Defendant's Motion for Summary Judgment; and <u>affirm</u> the Commissioner's decision.

---

[1] Kilolo Kijakazi is Acting Commissioner of Social Security and substituted as Defendant herein. No further action is required pursuant to Fed.R.Civ.P 25(d) and Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on July 13, 2020. She assigns error to the Administrative Law Judge's treatment of a favorable decision by the North Carolina Department of Health and Human Services (NCDHHS) on her application for Medicaid benefits. See Plaintiff's "Brief … in Support …" at 8-12 (document #17). She also assigns error to the ALJ's evaluation of her subjective complaints and symptoms. See Id. at 8, 12-18; Plaintiff's "Reply …" (document #20).

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time as that term is defined for Social Security purposes.[2]

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

3

In a decision dated April 17, 2015, NCDHHS found Plaintiff disabled for Medicaid purposes. Social Security Ruling 06-03p provides "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." See also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) (error for ALJ to afford no weight to a Veterans Administration disability rating). Following the Fourth Circuit's opinion in Woods v Berryhill, 888 F.3d 686, 692-93 (4th Cir. April 26, 2018), a Medicaid disability decision by NCDHHS must be afforded substantial weight in the same manner as a disability decision by the Veterans Administration. An ALJ may give less than substantial weight to a NCDHHS disability decision only by stating "persuasive, specific, valid reasons for doing so that are supported by the record." Id. at 692 (citing McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (describing standard for VA decisions); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining that ALJs need not give great weight to VA disability determinations "if they adequately explain the valid reasons for not doing so")).

Here, the ALJ considered the NCDHHS decision and explained why she gave it little weight. (Tr. 858). The ALJ performed the required analysis and there was no error.

Substantial evidence also supports the ALJ's evaluation of Plaintiff's subjective complaints and symptoms. Determining whether a claimant is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the

---

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The Regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that her subjective complaints were not consistent with the objective evidence in the record. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ is accorded deference with respect to assessment of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Indeed, "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Id. The ALJ

5

thoroughly discussed the record and her conclusion that Plaintiff's subjective complaints were not as severe as alleged is supported by substantial evidence.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and the ultimate determination that Plaintiff was not disabled.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary" (document #16) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #18) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: August 30, 2021

David S. Cayer
United States Magistrate Judge